UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DARRICK BAILEY,

                            Plaintiff,                          Case No. 2:23-cv-82

v.                                                              Honorable Maarten Vermaat

PAUL ZELENAK,

                            Defendant.

_____/

## <u>OPINION</u>

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Registered Nurse Paul Zelenak in his official and individual capacities.

Plaintiff alleges that, on May 25, 2020, he was injured by non-party Officer Hill Sr. while performing his work assignment. (Compl., ECF No. 1, PageID.3.) No incident report was written, and Plaintiff was not provided with medical care. (*Id.*)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

On May 28, 2020, Plaintiff submitted a health care request seeking medical attention for "a strain on [Plaintiff's] left wrist." (ECF No. 1-1, PageID.8; ECF No. 1, PageID.3.) Plaintiff explained only that his wrist had been "hurting . . . ever since" Officer Hill Sr. closed a cell door on Plaintiff. (ECF No. 1-1, PageID.8.)

That same day, Plaintiff submitted a "medical question" kite seeking medical attention for the strain to Plaintiff's left wrist. (*Id.*, PageID.9.) Here too, Plaintiff indicated that his wrist had been hurting ever since Officer Hill closed a cell door on Plaintiff. (*Id.*) Defendant Zelenak responded that same day, explaining:

> Due to the State of Emergency in Michigan, Health Care is only seeing urgent and emergent appointments. Once the State of Emergency lifts, you can re-kite Health Care. If your symptoms become worse or you feel that your situation has become urgent/emergent, please contact Health Care immediately.

(*Id.*) Defendant Zelenak further instructed Plaintiff that pain relievers were available for purchase from the prison store. (*Id.*)

On June 1, 2020, Plaintiff submitted a grievance, explaining that he "kited healthcare about [his] wrist being injured on the job," but "healthcare never came." (ECF No. 1-3, PageID.14; ECF No. 1, PageID.3.) Plaintiff's grievance was denied. (ECF No. 1-3, PageID.16–19.)

On June 3, 2020, non-party Sergeant Seymour interviewed Plaintiff related to a grievance that Plaintiff had previously submitted against Officer Hill Sr. (ECF No. 1, PageID.3.) During that interview, Plaintiff told Sergeant Seymour about the pain that Plaintiff was experiencing and that he had been denied medical care. (*Id.*) Sergeant Seymour told Plaintiff that, if Plaintiff signed off on the grievance against Officer Hill Sr., Sergeant Seymour would ensure that Plaintiff was seen by healthcare. (*Id.*) Plaintiff agreed. (*Id.*) Thereafter, Plaintiff was examined by non-party Registered Nurse Crane, who gave Plaintiff pain medication and referred Plaintiff to non-party Physician Assistant Westcomb. (*Id.*)

4

Physician Assistant Westcomb examined Plaintiff on June 4, 2020, and requested that Plaintiff be sent to Munising Memorial Hospital. (*Id.*) At Munising Memorial Hospital Plaintiff was diagnosed with "an ulna positive variance which can predispose to TCFF tears." (ECF No. 1-4, PageID.21). Diagnostic testing showed "no fracture, dislocation, or significant arthritic changes." (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise an Eighth Amendment claim regarding the denial of medical care. Plaintiff seeks a declaratory judgment and monetary damages. (ECF No. 1, PageID.4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Official Capacity Claim

Plaintiff brings claims against Defendant Zelenak in both his official and individual capacities. A suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th

Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Therefore, the Court will dismiss Plaintiff's claim for monetary damages against Defendant Zelenak in his official capacity on grounds of immunity.

Although damages claims against an official capacity defendant are properly dismissed on grounds of immunity, an official capacity action seeking injunctive or declaratory relief may constitute an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). However, the Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Here, Plaintiff seeks relief for past harm; he does not allege that Defendant Zelenak is engaged in any course of conduct that can be described as ongoing. Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *id.*; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988); *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). Therefore, Plaintiff's claim for declaratory relief against Defendant Zelenak in his official capacity is also properly dismissed.

**B.      Individual Capacity Claim**

Plaintiff alleges that Defendant Zelenak improperly denied Plaintiff medical care for Plaintiff's left wrist strain on May 29, 2020.[2] The Court construes this as a claim for Eighth Amendment deliberate indifference.

In keeping with the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment, U.S. Const. amend. VIII, the Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

---

[2] The Court notes that, although Plaintiff alleges that he was previously denied medical care on May 28, 2020, that Plaintiff's grievance related to the lack of medical care was denied, and that Plaintiff was only provided with care after he agreed to sign off on a grievance against non-party Officer Hill Sr., Plaintiff does not allege that Defendant Zelenak was personally involved in these incidents. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Government officials, such as Defendant Zelenak, may not be held liable for the unconstitutional conduct of others under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A plaintiff must plead facts to demonstrate that the named defendant was "personally involved" in the unconstitutional action. *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013) (quoting *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010)). Because Plaintiff has not alleged that Defendant Zelenak was personally involved any other incident described in Plaintiff's complaint, any intended claim based upon these incidents would be subject to dismissal.

A claim for the deprivation of adequate medical care has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted). "[I]f a plaintiff suffered from a minor or non-obvious medical condition, he can show that his condition was objectively serious 'if it is one that has been diagnosed by a

physician as mandating treatment.'" *Mattox v. Edelman*, 851 F.3d 583, 598 (6th Cir. 2017) (quoting *Blackmore*, 390 F.3d at 897).

The subjective component of the Eighth Amendment's deliberate indifference standard requires an inmate to plead facts that would demonstrate that that the prison official had "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted).

### 1.   Objective Component

Plaintiff alleges that he informed Defendant Zelenak that he was experiencing pain from "a strain on [his] left wrist" (ECF No. 1-1, PageID.9; *see* ECF No. 1, PageID.3.) Taking Plaintiff's allegation as true, Plaintiff has not shown a medical condition sufficiently serious to implicate the Eighth Amendment.

A left wrist strain alone, while unpleasant, does not produce symptoms that are life-threatening or urgent in nature, and there are no allegations in Plaintiff's complaint from which the Court might infer any need for medical treatment even following the June 4, 2020, diagnostic testing (*see* ECF No. 1-4, PageID.21). Indeed, Plaintiff does not allege that his left wrist strain did not simply resolve on its own. *See Larkin v. Schroeder*, No. 2:20-cv-111, 2020 WL 4344985, at *5 (W.D. Mich. July 29, 2020) ("[I]t is difficult to infer a serious medical need from the facts Plaintiff has alleged. Similarly, Plaintiff does not suggest that his bruising or headache did not resolve on their own.") Accordingly, Plaintiff has failed to allege a serious medical need as required to satisfy the objective component of the test for deliberate indifference.

### 2.   Subjective Component

Yet, even if Plaintiff had alleged facts to indicate a serious medical need, his allegations regarding the subjective component fall short. Defendant Zelenak's response to Plaintiff's medical question does not plausibly suggest "a sufficiently culpable state of mind in denying medical care." *Brown*, 207 F.3d at 867. Mindful of the COVID-19 public health emergency and the State of Emergency in Michigan, Defendant Zelenak explained to Plaintiff that healthcare was limiting its visits to "urgent and emergent appointments." (ECF No. 1-2, PageID.12.) However, based upon the information that Plaintiff provided in his kite (ECF No. 1-1, PageID.9), Defendant Zelenak formulated a plan of action. Defendant Zelenak instructed Plaintiff on how to obtain pain relievers and specifically informed Plaintiff that Plaintiff should submit a second request should his

symptoms become worse or rise to an urgent/emergent nature. (*Id.*) Plaintiff does not allege that he had any interactions with Defendant Zelenak regarding Plaintiff's wrist strain aside from this single medical kite.

The Court recognizes that Plaintiff disagrees with Defendant Zelenak's plan of action. However, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

Plaintiff fails to allege any facts to support an inference that Defendant Zelenak was aware of a substantial risk of serious harm to Plaintiff and then disregarded that risk. Therefore, on this basis as well, Plaintiff fails to state an Eighth Amendment claim.

## <u>Conclusion</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is

barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is

barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   May 19, 2023                              /s/ *Maarten Vermaat*
                                                    Maarten Vermaat
                                                    United States Magistrate Judge

13